INDIVIDUAL PRACTICE RULES OF
MAGISTRATE JUDGE ANNE Y. SHIELDS

100 Federal Plaza
P.O. Box 830
Central Islip, New York 11722
Courtroom 830
Chambers E-mail: shields_chambers@nyed.uscourts.gov
Chambers (631) 712-5710
Courtroom Deputy: Jasmine Torres (631) 712-5714
Law Clerk: Deanna Minerva (631) 712 -5713
Law Clerk: Dina Mucciaccio (631) 712-5712

## I.    **Electronic Case Filing (ECF)**

A.      All documents in civil actions, except for voluminous documents, must be filed electronically.  Documents may be electronically filed under seal only if filed pursuant to the Court's settlement rules or with prior permission of the Court. Information regarding electronic filing is available on the Eastern District website. Questions regarding ECF filing or training on ECF should be directed to the Central Islip Clerk's office at (631) 712-6030

B.      All attorneys representing parties in cases assigned to this court must file a Notice of Appearance and register to receive ECF notifications prior to filing any documents, and prior to making a personal appearance before the court.

C.      Orders of the Court will be electronically docketed. No hard copies will be mailed to counsel.

D.      Any document seeking relief of any kind from the court must be electronically filed as a "Motion," and not as a "Letter" under the ECF "Other Documents" option.

E.      Unless otherwise ordered, and subject to the exceptions set forth herein, courtesy copies of electronically filed documents should not be provided to the court. Courtesy copies of the following documents must be provided to the court: (1) motions with all exhibits; (2) motions referred for decision to this court by District Court Judges.  All courtesy copies submitted to Chambers must be marked "Courtesy Copy," "Original Filed ECF" with the assigned docket entry indicated.  Courtesy copies of exhibits and appendices are to be clearly labeled and tabbed and where, appropriate may be submitted in a binder. Such copies should not be "Velobound." Courtesy copies should be mailed to Chambers on the filing date; overnight or expedited mail is not required unless otherwise ordered by the Court.

F.      Counsel need not electronically file documents that cannot be readily converted to a form that may be electronically filed. In such cases, counsel must electronically file the letter or notice of motion to which the non-electronically filed material is attached. A hard copy (for filing) and a courtesy copy of such documents must be provided to the court.  Copies of such documents

must also be provided to opposing counsel. Questions regarding such documents may be addressed to the court.

## II.   **Communication with Chambers**

A.   <u>Telephone Calls</u>

Telephone calls to chambers are permitted.  Calls regarding scheduling of criminal matters should be directed to the Courtroom Deputy at (631) 712-5714   Calls regarding civil matters should be directed to the Law Clerks at (631) 712-5710.  Calls regarding the substance of any matter should be made only jointly with opposing counsel on the line.  As officers of the court, counsel are responsible for informing all adversaries of any communication with Chambers.

B.   <u>Faxes</u>

Faxes are <u>not</u> permitted to be sent to chambers without prior permission of the court.

## III.   **Adjournments and Extensions of Time**

In the absence of extraordinary circumstances, all requests for adjournments of any kind are to be made via an ECF motion, and are to be made no later than 48 hours prior to the scheduled appearance date or deadline. Prior to seeking any adjournment, the parties are expected to confer and grant each other the courtesy of agreeing to reasonable requests to adjourn, especially upon the first request for any adjournment. All requests for adjournments must include the following information:

1.   The original date of the appearance or deadline;

2.   Whether there have been prior requests for adjournment;

3.   Whether all parties consent to the adjournment, and in the event that any party refuses to consent to the adjournment, the reason for that refusal;

4.   Three agreed upon suggested dates for adjournment (in the absence of consent, the requesting party may suggest three dates that are acceptable).

In the event that the requested adjournment affects any other scheduled dates, a proposed revised scheduling order must be attached to the motion.

This Court cannot extend deadlines, including discovery deadlines, set by the assigned District Court Judge.  Accordingly, any extensions of such deadlines must be made to the District Court Judge.

IV.   <u>Pro</u> <u>Se</u> Litigants

Questions and assistance regarding <u>pro</u> <u>se</u> litigation may be addressed to the Court's <u>pro</u> <u>se</u> office at (631) 712-6060.

<u>Pro</u> <u>se</u> litigants are advised of the limited legal representation available at the <u>Pro</u> <u>Se</u> Legal Assistance Program, located in Room 124B of the Central Islip Courthouse. The clinic is independently operated and is not affiliated with the Court. Consultations are available by appointment. The clinic can be reached at (631) 297-2575 or at PSLAP@Hofstra.edu.

Unless otherwise ordered, <u>pro</u> <u>se</u> litigants are exempt from ECF filing requirements. Parties represented by counsel in cases involving <u>pro</u> <u>se</u> litigants are not similarly exempt. Unless otherwise ordered, the Court will mail copies of orders to <u>pro</u> <u>se</u> litigants.  <u>Pro</u> <u>se</u> litigants are responsible for keeping contact information and, if ordered, an e-mail address, on file with the Court or risk dismissal of claims.

<u>Pro</u> <u>se</u> parties without ECF access must make filings via hand delivery or U.S. mail: to the designated "<u>pro</u> <u>se</u> clerk" in the clerk's office, to the attention of Magistrate Judge Shields and the assigned District Judge, <u>and</u> by U.S. mail to the attorneys for all other parties.  Copies of court orders will be provided by the court to <u>pro</u> <u>se</u> litigants via U.S. mail and need not be served by opposing counsel, unless directed by the court. All <u>pro</u> <u>se</u> litigants and represented parties opposing <u>pro</u> <u>se</u> litigants are directed to the relevant Local Civil Rules, including Rules 7.1, 12.1, 33.2 and 56.2.


V.   **Initial Conferences**

The court will schedule a Rule 16 initial conference after issue is joined and the parties have had the opportunity to conduct a Rule 26 conference. Pursuant to Rule 26(f), the parties must confer prior to the conference to discuss the claims and defenses in the lawsuit as well as the nature and extent of disclosure and discovery necessary to reach a prompt disposition of the matter. The parties' Rule 26 conference should also include a discussion of the exchange of electronically stored information ("ESI").

VI.   **Forms to be Completed Prior to Initial Conference**

Except as set forth below, the worksheet annexed as Exhibit F hereto shall be submitted to the court via ECF no later than two days prior to the initial conference.

In all cases alleging an FLSA violation Counsel must confer and complete form Appendix D hereto prior to the Initial Conference. The form must be submitted to the court via ECF no later than two days prior to the initial conference. Additionally, Counsel are directed to utilize the forms annexed hereto as appendix B and C, under Section VII, for all cases seeking conditional certification.

VII.   **Discovery**

A.    **General Discovery Rules**

    1.    Uniform Definitions in Discovery Requests

Counsel are directed to consult the Local Rule 26.3 which sets forth "Uniform Definitions in Discovery Requests."  The definitions set forth therein are deemed incorporated in all discovery requests and counsel are directed to refrain from the use of any other definitions of the terms set forth therein.  Counsel need not draft specific definitions in discovery requests but may reference the local rule in such requests.

    2.    Claims of Privilege

Counsel are directed to consult Local Rule 26.2 for directions as to the proper way to assert claims of privilege.

B.    **Tiered Discovery**

Discovery shall proceed in tiers designed to minimize the expense and burden to the parties and to facilitate the earliest possible settlement or trial.

    1.    Tier One Discovery in General

Tier One Discovery shall consist of the exchange of initial disclosures and any other readily available documentary evidence supporting claims or defenses. Counsel shall confer to consider the scope of such discovery and, if appropriate, include the exchange of documents addressed to the existence of personal and federal subject matter jurisdiction and venue. During Tier One discovery, the parties should engage in initial discussions regarding the production of electronically stored information ("ESI"). Tier One discovery is expected to be completed within 60 days of the initial conference. The scope of Tier One discovery (including any agreements reached regarding the exchange of ESI) must be discussed prior to the initial conference and the parties should appear at the conference ready to enter into agreement as to the scope of such discovery.

At the conclusion of Tier One Discovery, the parties should be in a position to enter into meaningful settlement discussions and a settlement conference will be scheduled following the completion of such discovery. That conference will be governed by the "Settlement Conference" rules set forth below.

    2.    Discovery in Particular Cases (FLSA, Employment, and ADA Cases)

**Tier One Discovery in cases alleging violation of the FLSA** is governed by this Court's Order appearing in Appendix D hereto. In cases alleging violation of the FLSA, the parties will be referred for mediation with the Eastern District FLSA mediation program.  Tier Two discovery is such cases will not begin until after the parties take part in that mediation.

**Tier One Discovery in cases alleging employment discrimination** is governed by this Court's initial discovery protocols appearing in Appendix E hereto.

**Tier One Discovery in cases alleging lack of access pursuant to the Americans with Disabilities Act (the "ADA")** shall consist of the exchange of Plaintiff's statement describing in detail the access that is alleged to be denied under the ADA, and Defendant's response thereto. Counsel shall be prepared to discuss such access issues at the initial conference. During Tier I discovery, the parties are expected to reach an agreement as to dates certain for the exchange of expert reports detailing their position s regarding the access alleged to have been unlawfully denied.

3.   <u>Tier Two Discovery</u>

Tier Two Discovery is the balance of discovery necessary to prepare for trial.  Tier Two discovery includes documentary discovery not previously undertaken, including the full production of ESI, the taking of all depositions and expert discovery.

**C.**   **<u>Discovery Disputes/Motions</u>**

Counsel must first undertake a good faith effort to resolve any discovery disputes, including a request to limit or terminate a deposition, without court intervention.  Where attorneys cannot agree upon resolution of a discovery dispute, they shall initiate a conference call with this court by calling chambers at (631) 712-5710. Attorneys may **<u>not</u>** bring a discovery motion before the court, either by way of motion or letter, unless authorized to do so after the telephone conference is held.  In the event that a discovery dispute raised in a telephone conference is not resolved during the telephone conference, counsel will be instructed as to the procedure and time frame for the making of a formal motion.

**D.**   **<u>Form Stipulation and Order of Confidentiality</u>**

A "Stipulation and Order of Confidentiality" in the form annexed hereto as Appendix A is to be used in cases requiring the exchange of what the parties deem to be confidential information. This form order is presumptively entitled to approval by this court.  Any changes to this form of order are to be submitted for court review along with an explanation as to why the proposed change is necessary.

**VIII.**   **<u>Forms for Conditional Certification in Fair Labor Standards Act Cases</u>**

A "Stipulation for Conditional Certification" in the form annexed hereto as Appendix B and a "Notice of Pendency" in the form annexed hereto as Appendix C are to be used in Fair Labor Standards Act ("FLSA") cases. These forms are presumptively entitled to approval by this court.  Any changes to these forms are to be submitted for court review along with an explanation as to why the proposed change is necessary.

**IX.**   **<u>Settlement Conferences</u>**

Settlement conference will be scheduled upon the close of Tier One discovery and/or upon the request of the parties.  Cases alleging violation of the FLSA will be referred to the Eastern District's FLSA Mediation Program. All settlement conferences will be governed by the following procedure:

A.      Exchange of Demand and Offer

Prior to any settlement conference the parties must exchange a demand and offer. At least ten (10) days prior to the conference, Plaintiff's counsel must communicate a written demand to Defense counsel.  That demand must explain the reason why the demand is appropriate.  The demand must also reference any mathematical calculation used to support the demand.

No later than five (5) days prior to the scheduled conference, Defense counsel must respond to Plaintiff's counsel's demand. That response must contain a clear reply to the offer of settlement, and an explanation as to its propriety.

B.      Settlement Statements

No later than two (2) days prior to the settlement conference, each party shall e-mail a confidential settlement statement, not exceeding three pages, to shields_chambers@nyed.uscourts.gov.

The settlement statement shall set forth the current demand and offer. It must also specify the terms under which the party is willing to settle the matter. The settlement statement must indicate whether the terms are negotiable and include all material terms of the proposed settlement, including the settlement amount, time for payment, requests regarding injunctive relief and confidentiality, and the inclusion of attorney's fees.

C.      Settlement Conference

Parties and/or insurers with authority to settle must attend the settlement conference.  If a settlement requires approval of a governmental body or board of directors, the party attending the conference must be authorized to approve and submit a recommendation to that entity.

**X.      Motions**

A.      Judge to Whom Motions are to be Made

In the first instance Counsel must conform with the Rules of the assigned District Court Judge when determining whether a motion is properly filed with that Court. All dispositive motions are to be made to the assigned District Court Judge in accord with the rules of that Court. Unless specifically ordered otherwise, all non-dispositive motions are to be made to this Court.

B.      Motions for Admission *Pro Hac Vice*

6

Motions for admission *pro hac vice*, together with a proposed order admitting the attorney shall be served and filed.  Counsel are directed to consult Local Rule 1.3(c) and sample forms available on the Eastern District website.

C.     Pre-Motion Conferences in Civil Cases

For procedures regarding discovery motions, see Rule VI(C) requiring that discovery disputes be raised first by way of conference call. For all other motions where parties are represented by counsel, a pre-motion conference is necessary. A pre-motion conference can be requested by way of an electronically filed letter. Such letters are to be filed as ECF motions seeking a court conference. Letters requesting pre-motion conferences shall state, in brief, the grounds for the motion, shall not exceed two pages, and shall not include affidavits or exhibits. All parties served with a pre-motion letter shall serve and file a letter response, not to exceed two pages, within seven days from service of the pre-motion conference letter.

A briefing schedule will be established at the pre-motion conference. Absent extraordinary circumstances or unless this court orders otherwise, pre-motion conferences shall be held in person and not via telephone conference.

D.     Motions in Cases in Which Parties Have Consented to Magistrate Judge Shields

Parties may consent to refer a civil case to Magistrate Judge Shields for all purposes, including entry of judgment. Parties may also consent to the jurisdiction of Magistrate Judge Shields for the limited purpose of rendering a decision on a dispositive motion.  In referred cases, a pre-motion conference is necessary before any motion is made.  A pre-motion conference can be requested by way of an electronically filed letter pursuant to the procedure set forth in Rule VIII(C) above.

E.     Memoranda of Law

Memoranda of law in support of and in opposition to motions shall not exceed twenty-five pages in length.  Reply memoranda of law shall not exceed ten pages in length. With the exception of bringing newly decided cases or law to the attention of the court, and unless otherwise ordered, there shall be no additional briefing.  All memoranda of law shall contain a table of contents and authorities.  All memoranda of law shall use at least one inch margins, double spacing and be in 12 point type.  Footnotes need not be double spaced but must be in the same 12 point type as text.

F.     Service and Filing of Motion Papers

No motion papers are to be filed electronically until the motion is fully briefed. The notice of motion and all supporting papers are to be served on all other parties along with a cover letter setting forth whom the movant represents and identifying the papers being served.  A copy of this cover letter is to be electronically filed.  A party responding to a motion shall serve the moving party with a courtesy copy of the responding papers, for later filing with the court.

On the date that the motion is fully briefed, each party shall be responsible for the electronic filing of its own motion papers. It is not necessary to file separately each exhibit to a motion. However, to ensure ease of reference, exhibits filed electronically <u>must be described on the electronic docket, and not be referred to merely by exhibit letter or number</u>. For example, it is insufficient to file an exhibit only as "Exhibit A." Instead, it must be made clear, on the docket, the nature of the Exhibit. For example, it is appropriate to describe an Exhibit attaching a deposition as "Exhibit A- Plaintiff's Deposition."

The moving party shall be responsible for furnishing Chambers with a full set of courtesy copies of the motion papers, together with a cover letter specifying each document in the package.  A copy of this cover letter is to be sent to opposing counsel.

G. Motions Implicating Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure or Similar Time-Limiting Rules

If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these individual practices, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation for the basis of the conclusion.

H. Oral Argument

In the ordinary course motions are taken on submission.  Parties may request oral argument.  The Court will determine whether oral argument will be heard and, if so, will advise counsel of the date for argument.

## XI. Pretrial Procedures in Cases Where Parties Consent to Trial Before This Court

A. Joint Pretrial Order:  Sixty days following the completion of discovery the parties shall submit for approval of the court a joint pretrial order, which shall include the following information:

i. A full caption of the action;

ii. The names, addresses, telephone numbers and email addresses of all trial counsel;

iii. A statement as to whether the issues of: (1) subject matter jurisdiction (2) personal jurisdiction and (3) venue are contested. In the event that any of these issues are contested, a statement shall be provided by the party raising the objection regarding the basis for such objection.

iv. A statement identifying the claims to be tried. Such statement should not include a recitation of facts or evidence but must include citation to the statutory basis for any claims or defenses.

v. A statement as to whether the case is to be tried to the court or before a jury;

vi.     An estimate as to the number of trial days that will be needed;

vii.     A list by each party of all fact and expert witnesses that are expected to testify as part of its case in chief. For each witness, indicate whether the witness will testify live, via deposition or via any other agreed upon means. In the absence of the giving of prompt notice and good cause for supplementing the exchanged witness list, only those witnesses listed will be permitted to testify.

viii.     A list by each party of exhibits to be offered as part of its case in chief. All exhibits listed must be marked and exchanged among the parties. This exchange is required even if the exhibits are already in the possession of the other party.  Exhibit lists must indicate whether there are objections to admissibility or whether the exhibits are stipulated as admissible.  Counsel are expected to resolve prior to trial all objections as to authenticity or chain of custody. In the absence of the giving of prompt notice and good cause shown for supplementing the exhibit list, only those exhibits listed will be permitted to be used at trial.

ix.     A designation by each party of deposition testimony to be offered in its case in chief, along with any cross-designations and objections by any other party.


B.     <u>Filings To Be Made Prior To Jury Trials</u>

Unless otherwise ordered by this court, two weeks prior to the date set for jury selection, each party shall file:

i.     A statement of issues that any party intends to raise as a motion in limine.  In the event that any such issues are raised, the Court will schedule a pre-motion conference.

ii.     Any agreed upon stipulation as to what shall be received in evidence.

iii.     Proposed jury charges. Counsel need only prepare charges as to the elements of the claims.  The Court will prepare a jury charge regarding general instructions.  After review of the Court's general charge, counsel may request any additional charge deemed appropriate for the facts of the case to be tried.

iv.     On the first day of trial, counsel shall provide the Court with a copy of all exhibits, appropriately labeled and indexed.  Exhibits may be placed in binders.

C.     <u>Filings Required For Non-Jury Trials</u>

i.     One week prior to trial, the parties shall file a trial memorandum of law setting forth a brief statement of facts and the legal issues to be tried, along with an analysis of the applicable law.  The trial brief shall also contain a statement as to the relief sought.

ii.      Unless otherwise ordered, two weeks after the transcript of the trial is prepared and available for ordering, the parties shall simultaneously file via ECF, with a courtesy copy to Chambers, proposed findings of fact and conclusions of law.  Such submissions shall include precise citations to the trial transcript and exhibits, together with supporting legal authority.

**Appendix A**

STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION

The following provisions shall govern the exchange of confidential information in this matter:

1.      Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.  Information and documents designated as confidential are to be stamped "CONFIDENTIAL."  "Confidential" information or documents may be referred to collectively as "Confidential Information."

2.      Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

3.      In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court.  Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible.  Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

4.      Information or documents designated as "Confidential" shall not be disclosed to any person except:

        a.      The requesting party and counsel, including in-house counsel;

        b.      Employees of such counsel assigned to and necessary to assist in the litigation;

        c.      The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

        d.      Subject to the condition set forth in Paragraph 6 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

        e.      Subject to the condition set forth in Paragraph 6 below: any person from who testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his/her testimony and may not retain the Confidential Information; and

5.      Prior to disclosing or displaying Confidential Information to any person, counsel shall:

a. inform the person of the confidential nature of the information or documents;

b. inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 4(d) and (e)  only on condition that prior to any such display each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.  In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after that close of discovery or fourteen (14) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

8. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

9. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential.

The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: _____ have been designated as confidential.  I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

  I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.


_____  DATED:


Signed in the presence of:


_____

(Attorney)


(3/19/15)

13

**APPENDIX B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------X

[Case Caption]                                            Case No. [Docket umber]


---------------------------------------X

**STIPULATION AND ORDER REGARDING
CONDITONAL CERTIFICATION, ISSUANCE OF
COLLECTIVE ACTION NOTICE AND
DISCLOSURE OF CONTACT INFORMATION**

Plaintiff and Defendants, by and through their undersigned counsel, hereby stipulate and agree as follow upon the following premises.

WHEREAS, Plaintiff commenced this action, bringing claims under the Fair Labor Standards Act, as a collective action [and under the New York Labor Law, as class action][1], in the United States District Court for the Eastern District of New York; and,

WHEREAS, Plaintiff alleges [he/she] was employed by Defendants as [JOB DESCRIPTION][2] for Defendants' business, and seeks to represent a collective and class comprised of similarity situated workers under the Fair Labor Standards Act [and New York Labor Law][3]; and,

WHEREAS, instead of expending resources litigating Plaintiff's anticipated motion for collective action conditional certification and notice pursuant to 29 U.S.C. § 216(b), the parties,

without prejudice to Defendants' rights to challenge collective action certification at a later date, have negotiated the terms of a proposed notice to be sent to members of the alleged collective ("the Notice") and the process for disseminating the Notice;

WHEREAS, the parties have reached agreement on the scope, form and manner of distribution of the Notice in this matter, subject to the Court's approval; and

NOW THEREFORE IT IS STIPULATED AND AGREED AS FOLLOWS:

1.      Within fourteen (14) business days after the Court has "So Ordered" this Stipulation, Defendants shall provide to Plaintiff's counsel the names and last known mailing addresses of all [JOB DESCRIPTION][4] employed by Defendants at any point in time from _____, [NUMBER[5] YEARS PRIOR TO THE DATE OF THE COMPLAINT] ("Collective List" or putative collective members") for the purpose of mailing the Notice as set forth herein.

2.      Within twenty-one (21) days after Plaintiff's receipt of the names and mailing addresses noted in Paragraph 1, Plaintiff's counsel shall mail the Notice to each individual on the Collective List. Plaintiff's counsel may re-mail notice to any putative collective member whose Notice is returned as undeliverable, with a forwarding address;

3.      All names and addresses of individuals on the Collective List provided by Defendants to Plaintiff's counsel shall remain confidential pursuant to this Court's Stipulation and Order regarding Confidential Information;

4.      The individuals on the Collective List shall have 60 days from the date on which the Notice is mailed (the "Opt-in Period") to return the "Consent to Join" form in the manner set forth in the Notice. Individuals whose initial Notice is returned as undeliverable and for whom a forwarding address is supplied shall have 10 additional days from the date on which a second Notice is sent to return the "Consent to Join" form to Plaintiff's counsel. Only individuals submitting a "Consent to Join" form by the deadlines set forth herein shall be eligible to join the collective action in this matter unless Defendants consent otherwise, in writing, or Plaintiffs make an application to the Court demonstrating that good cause exists for accepting any untimely submission;

5.      During the sixty (60) day period which putative class members may opt-in to the lawsuit, Defendants shall post an English [and _____ translated][6] copy of the Notice of Lawsuit in a conspicuous location.

6.      Within seven (7) days of receipt of a "Consent to Join" form, Plaintiff's counsel shall electronically file such form via the Court's electronic case filing system ("ECF") on the docket in this matter.

Dated:

[Plaintiff's Counsel]                                          [Defendants' Counsel]

                                                                                                          _____

By:                                                    By:

SO ORDERED:


_____
Hon. Anne Y. Shields
United States Magistrate Judge
Central Islip, New York
[DATE]


[1] Insert only if appropriate.
[2] Insert job title/job description. [3] Insert only if appropriate.
[4] Insert job title/job description.
[5] While the parties are not expected to agree to any issues of willfulness, this order provides for the insertion of three (3) years for FLSA claims and six (6) years for cases that assert both NYLL and FLSA claims.
[6] Insert translated languages if applicable.

**<u>APPENDIX C</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

[Case Caption]                                              Case No. [Docket number]

-------------------------------------X

<u>COURT AUTHORIZED NOTICE OF LAWSUIT</u>

If you worked at [DEFENDANTS' BUSINESS] between [NUMBER[1] YEARS FROM DATE OF THE COMPLAINT] and the present, a collective action lawsuit may affect your legal rights.

*Important: You are NOT being sued.  This Notice is NOT a solicitation from a lawyer.*
*The Court authorized this Notice.*

- Plaintiff, [Plaintiff's name] is a former employee of [Defendants' business], where he worked as a [job description][2].  Plaintiff, [Plaintiff's name] brought this lawsuit against Defendants on behalf of himself and all other potential, current, and former [similarly situated persons/JOB DESCRIPTIONS] employed  by the Defendants as of [NUMBER YEARS FROM DATE OF THE COMPLAINT]. Plaintiff claims that Defendants did not pay its hourly employees [all minimum wages and overtime due to them][3].

Defendants deny any wrongdoing and/or liability and maintain that all of their employees are paid in compliance with [TYPE OF][4] law.

- THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK. THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFF'S CLAIMS OR OF THE DEFENDANTS' DEFENSES.  UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK.

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT**

| | |
|---|---|
| ASK TO BE INCLUDED | If you choose to be included in this collective action, you will be bound by any ruling, settlement or judgment in this case.  You may also share in any proceeds from a settlement or judgment if those bringing the claims are successful. If you choose to be included you will give up any rights to separately sue the Defendants about the same legal claims in this lawsuit |

| | |
|---|---|
| DO NOTHING | By doing nothing, you will not be included in this lawsuit for the purpose of asserting a [minimum wage or overtime claim under federal][5] law.  This means that you give up the possibility of getting money or benefits that may come from a trial or settlement of the [minimum wage or overtime claims under federal][6] law asserted in this lawsuit, if those bringing the lawsuit are successful. |

## 1.  Why did I get this notice?

You are getting this notice because Defendants' records show that you may have worked as a [JOB DESCRIPTION] in [DEFENDANTS' BUSINESS] from [NUMBER OF YEARS FROM DATE OF THE COMPLAINT] to the present.  Plaintiff sued the Defendants claiming they violated various provisions of [TYPE OF] laws.

## 2.  What is a collective action and who is involved?

In a collective action lawsuit, one or more persons can bring a lawsuit on behalf of others who have similar claims.  The individual who brought this lawsuit is called the Plaintiff.  The corporate entities and individuals that they have sued are called the Defendants.  One Court resolves the issues for everyone who decides to join the case.

## 3.  What is this collective action lawsuit about?

This collective action lawsuit is about whether Defendants' compensation practices violate [TYPE OF] law. The lawsuit alleges that Defendants violated [TYPE OF] law by not paying Plaintiff and other employees similarly situated [minimum wages and overtime owed to them][7]. Plaintiff is seeking to recover unpaid wages, in addition to liquidated damages, attorneys' fees, and costs.

Defendants deny any wrongdoing and/or liability and maintain that all of their employees were and continue to be paid in accordance with [TYPE OF] law.

**4.  How do I join this collective action lawsuit?**

To participate in this lawsuit through the Plaintiff's attorney, you must fill out the enclosed form called "Consent to Join" and mail it in the enclosed, postage-paid envelope to Plaintiff's lawyers.  Should the enclosed envelope be lost or misplaced, the "Consent to Join" Form must be sent to:

[Plaintiff's Attorney's<br>Information]

You can also fax the "Consent to Join" form to [ FAX # ] or scan and email it to<br>[EMAIL ADDRESS]

The signed "Consent to Join" form must be postmarked, faxed, or e-mailed by [60 days from mailing of notice).  If your signed "Consent to Join" form is not postmarked, faxed, or e-mailed by [60 days from mailing of notice], you may not be allowed to participate in the federal law portion of this lawsuit.

You have a right to be represented by your own attorney, but you will be responsible for making arrangements for payment of the fees of the attorney you select. The attorney you hire must file with the court a "Consent to Join" form by [60 days from mailing of notice] and must enter a formal appearance as attorney on your behalf.

**5.  What happens if I join the collective action lawsuit?**

You will be bound by any ruling, settlement, or judgment, whether favorable or unfavorable.  If there is a favorable resolution, either by settlement or judgment, and you qualify under the law, you will be entitled to some portion of the recovery.

If you join this lawsuit and send your "Consent to Join" form to [Plaintiff's Attorney], you agree to have the Plaintiff and his counsel act as your representative and make decisions on your behalf concerning the case, including approving any settlement. Decisions made and agreements entered into by the Plaintiff and his counsel will be binding on you if you join this lawsuit, subject only to the Court's discretion. If you hire your own attorney, you will be bound by decisions and agreements that your attorney makes on behalf of this lawsuit.

If you join this lawsuit, you may be asked to give testimony and information about your work for [DEFENDANTS] to help the Court decide whether you are owed any money. Plaintiff's counsel will assist you with this process.  For this reason, if you join this lawsuit, you should preserve all documents relating to your employment currently in your possession.

**6.  What happens if I do nothing at all?**

You will not be included in this lawsuit for the purpose of asserting a [minimum wage or overtime claim under federal][8] law.  Therefore, you will not be entitled to any recovery in this case should there be any for those claims.  The limitations period on your claims continues to run.

**7.  If I join, will there be any impact on my employment?**

The law prohibits Defendants from discharging or retaliating against you because you join this case or have in any other way exercised your rights under the law.

**8.  Do I have a lawyer in this case?**

Plaintiff is represented by [Plaintiff's Attorney's name].  If you join by sending your opt-in to the Plaintiff's attorney, [Plaintiff's Attorney's name] will represent you on a contingency fee basis, meaning you will not owe any attorneys' fees unless you are successful and win the case, or obtain a settlement.

**9.  Do the Defendants have a lawyer in this case?**

The Defendants in this case are represented by [Defendants' Attorney's name and information].

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

[Case Caption]                                          Case No. [Docket number]

-------------------------------------X

IF YOU RECEIVED THIS FORM AND WANT TO JOIN THIS LAWSUIT, PLEASE COMPLETE
THESE TWO STEPS:

1.   COMPLETE AND SIGN THIS CONSENT TO JOIN LAWSUIT FORM; AND

2.   USE THE ENCLOSED ENVELOPE TO RETURN THIS FORM TO THE ADDRESS
     BELOW NOT LATER THAN [60 days from mailing of notice].

[Plaintiff's Attorney's
Information]

YOU CAN ALSO FAX THE CONSENT TO JOIN FORM TO [FAX NUMBER]
OR SCAN AND EMAIL IT TO:
[EMAIL ADDRESS]

I consent to join the collective action and authorize [Plaintiff's Attorney] to act on my behalf in all
matters relating to this action, including any settlement of my claims.

_____          _____
          SIGNATURE                                 PRINT NAME

_____          _____
Address                                  City, State, Zip Code

                                         _____

_____
Telephone Number                         Email Address

_____    _____
Start Date                                            End Date

[1] While the parties are not expected to agree to any issues of willfulness, this order provides for the insertion of three (3) years for the FLSA claims and six (6) years for cases that assert both NYLL and FLSA claims.

[2] Insert title/job description.

[3] Specify the allegations against Defendants.

[4] Insert either federal (FLSA) or federal and state (FLSA/NYLL).

[5] Specify alleged violations and type of laws violated (federal or federal and state).

[6] Specify alleged violations and type of laws violated (federal or federal and state). [7] Specify the allegations against Defendants.

[8] Specify alleged violations and type of laws violated (federal or federal and state).

**APPENDIX D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Plaintiff,

VS.                                                        Case No.

Defendant.

ORDER IN FLSA CASE REQUIRING DISCOVERY
AND SETTING INITIAL PRETRIAL SCHEDULE

The Federal Rules of Civil Procedure require a pretrial schedule tailored to the circumstances of each case.  Fed. R. Civ. P. 16, 1.  The following order implements that requirement for cases based on the Fair Labor Standards Act (FLSA).

The Rule 26(a)(1) provisions on initial disclosures are waived in this case.  Instead, the parties must utilize the following discovery protocol and comply with the following deadlines and requirements:

1.  By [DATE], the parties must serve on each other (but not file) copies of the

following:

Plaintiff[1] The documents in the Plaintiff's possession, custody, or control that pertain to the unpaid wages claimed in the Complaint.

Defendant        1.  The time sheets or other time records and payroll records in the Defendant's possession, custody, or control that pertain to work the Plaintiff performed during the period for which the Plaintiff claims unpaid wages.

---

[1] If there is more than one Plaintiff or Defendant, the singular reference to the Plaintiff or Defendant includes the plural.

the policies and practices on compensating workers performing the relevant type of work.

2. By [Date, 2 weeks later], the Plaintiff must answer the Court's Interrogatories attached to this Order, under oath or penalty of perjury and serve a copy on the Defendant.

3. In collective actions, the exchange of documents in Paragraph 1 will occur for the named Plaintiffs and for the opt-in Plaintiffs who join the action before a court-approved opt-in notice is issued. This document exchange will occur within 21 days after the opt-in notices are filed with the Court. Each opt-in Plaintiff will file and serve his or her respective answers to the Court's Interrogatories within an additional 21 days.

4. By [DATE, 30 days] after the Plaintiff serves answers to the Court's Interrogatories, counsel for the Plaintiff and the Defendant must meet and confer in person in good-faith effort to settle all pending issues, including attorneys' fees and costs.[2] The parties, including a representative of each corporate party with full authority, will at a minimum, be available by telephone during the conference to consider and approve any settlement.

5. By [DATE], within 7 days after the conference referenced above, counsel must jointly file a Report Regarding Settlement that notifies the Court: (1) whether the parties have reached an agreement in principle to settle the case and will be submitting that agreement to the Court for review and approval; (2) whether the parties have not settled the case but want to continue settlement discussions with each other for a specific period, not to exceed two weeks; (3) whether the parties are unable to reach settlement, at which point the Court will refer the action to mediation.

---

[2] In the case of an individual party who is not represented by counsel, the individual must comply with the provisions of this Order.

6.      Until the parties file the Discovery Planning Report, all discovery in this case is STAYED, except as provided in this Order.

7.      In the event no settlement is reached under these procedures, and this Court later grants a motion permitting notice to be sent to similarly situated individuals advising them of their right to opt-in, the limitations period for any person receiving notice will be tolled from the date of this Order until the parties file their Rule 26(f) Discovery Planning Report lifting the stay on these proceedings.

8.      If the parties settle at a later time, they must immediately advise the Court and promptly submit a joint motion to approve the settlement.

9.      Due to the volume of cases based on the FLSA, the Court expects strict adherence to these deadlines and requirements.  Exceptions will be granted only for compelling reasons.

10.     The parties may move to alter this schedule for good cause. Any such request shall only be made after the parties confer, and shall be made by joint letter request filed via this Court's ECF system.


Dated: Central Islip, New York
_____


                                                            _____
                                                            ANNE Y. SHIELDS
                                                            United States Magistrate Judge

Counsel of Record
Unrepresented Party

1.      During what period of time did you work for the Defendant?

2.      Who was your immediate supervisor?

3.      Did you have a regularly scheduled work period?   If so, specify.

4.      What was your title or position?  Briefly describe your job duties.

5.      What was your regular rate of pay?

6.      What is the nature of your claim (check all that apply)?

        _____ Off the clock work (Defendant failed to record, or prohibited you from
              recording, all of your working time;

        _____ Misclassification (Defendant mistakenly classified you as exempt from
        overtime);

        _____ Misclassification (Defendant failed to correctly calculate your compensation);

        _____ Other (Please describe);

7.      Provide an accounting of your claim, including: (a) dates

        (b)     regular hours worked

        (c)     over-time hours worked

        (d)     pay received versus pay claimed

        (e)     total amount claimed

8.      If you have brought this case as a collective action:

        (a)     Describe the class of employees you seek to include in this action.

        (b)     Has an opt-in notice been filed for every potential opt-in Plaintiff who has
                identified himself or herself as a person who wishes to join this action?

9.      Please specify all attorney's fees and costs incurred to date.  With respect to attorney's
        fees, please provide the hourly rate(s) sought and the number of hours expended by
        each person who has billed time to this case.

10.     When did you (or your attorney) first complain to your employer about alleged
        violations of the FLSA?

11.     Was this complaint written or oral?  (If a written complaint, please attach a copy).

What was your employer's response?  (If a written response, please attach a copy):

STATE OF _____ COUNTY OF _____

      BEFORE  ME, the undersigned authority, on this day, personally appeared Plaintiff Name, who  being first  duly sworn,  deposes  and  says  that he/she has  read  the  foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

      SWORN TO AND SUBSCRIBED before me on this _____ day of _____, _____.


NOTARY
PUBLIC


Signature of Person Taking Acknowledgement
Print
Name:
Title Notary Public
NOTARY STAMP                Serial No. (if any):
Commission Expires:

**APPENDIX E**

**INITIAL DISCOVERY
PROTOCOLS
FOR EMPLOYMENT CASES ALLEGING ADVERSE
ACTION**

## PART 1: INTRODUCTION AND DEFINITIONS.

**(1)  Statement of purpose.**

    a.    These Initial Discovery Protocols for Employment Cases Alleging Adverse Action (the "Protocols") were prepared by a group of highly experienced attorneys from across the country who regularly represent plaintiffs and/or defendants in employment matters. The information and documents identified are those most likely to be requested automatically by experienced counsel in any similar case. They are unlike initial disclosures pursuant to F.R.C.P. 26(a)(1) because they focus on the type of information most likely to be useful in narrowing the issues for employment discrimination cases.

    b.    The Protocols apply to all employment cases that challenge one or more actions alleged to be adverse, except:

        i.  Class actions;

        ii. Cases in which the allegations involve <u>only</u> the following:
            1. Discrimination in hiring;
            2. Harassment/hostile work environment;
            3. Violations of wage and hour laws under the Fair Labor Standards
              Act (FLSA) (for such actions see this Court's rules with respect to discovery in FLSA cases);
            4. Failure to provide reasonable accommodations under the Americans with Disabilities Act (ADA);
            5. Violations of the Family Medical Leave Act (FMLA); 6. Violations of the Employee Retirement Income Security Act (ERISA).

Notwithstanding the foregoing, counsel may use these protocols in any action they deem such use appropriate.

If any party believes that there is good cause why a particular case should be exempted, in whole or in part, that party may raise such reason with the Court via telephone conference arranged with the court with all counsel appearing.

c.      Disclosure obligations below are separated into "Production" obligations, and obligations to provide "Information." "Production" obligations take the place of formal document requests and "Information" obligations are used in lieu of formal interrogatories. While particular cases may require additional limited documents requests, the requests for information are intended to displace the need for interrogatories. Instead, it is expected that next step in discovery following completion of the obligations under this Rule will be deposition discovery.

d.      These Initial Discovery Protocols are not intended to preclude or to modify the rights of any party for discovery as provided by the Federal Rules of Civil Procedure (F.R.C.P.) and other applicable local rules, but **they are intended to supersede the parties' obligations to make initial disclosures pursuant to F.R.C.P. 26(a)(1).** The purpose of the protocols is to encourage parties and their counsel to exchange the most relevant information and documents early in the case, to assist in framing the issues to be resolved and to plan for more efficient and targeted discovery.

e.      **Protective Order** If counsel deem a protective order necessary, they are directed to consult and execute this Court's form protective order, which includes an order under Rule 502 of the Federal Rules of Evidence

**(2)  Definitions.** The following definitions apply to cases proceeding under the Initial Discovery
    Protocols.

a.      ***Concerning.*** The term "concerning" means referring to, describing, evidencing, or constituting.

    b.    **_Document._** The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the terms "documents" and"electronically stored information" as used in F.R.C.P. 34(a).

    c.    **_Identify (Documents)._** When referring to documents, to "identify" means to give, to the extent known: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; (iv) the author(s), according to the document; and (v) the person(s) to whom, according to the document, the document (or a copy) was to have been sent**; or, alternatively, to produce the document.**

    d.    **_Identify (Persons)._** When referring to natural persons, to "identify" means to give the person's: (i) full name; (ii) present or last known address and telephone number; (iii) present or last known place of employment; (iv) present or last known job title; and (v) relationship, if any, to the plaintiff or defendant. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

**(3) Instructions.**

    a.    For this Initial Discovery, the relevant time period begins three years before the date of the adverse action, unless otherwise specified.

    b.    This Initial Discovery is not subject to objections except upon the ground of privilege or those set forth in F.R.C.P.  26(b)(1).

    c.    If a partial or incomplete answer or production is provided, the responding party shall state the reason that the answer or production is partial or incomplete. Any document withheld must be described with specificity, and the grounds for such withholding must be similarly stated.

    d.    This Initial Discovery is subject to F.R.C.P. 26(e) regarding supplementation and F.R.C.P. 26(g) regarding certification of responses.

e.  This Initial Discovery is subject to F.R.C.P. 34(b)(2)(E) regarding form
of   production.

# PART 2: PRODUCTION BY PLAINTIFF.

## (1) Timing.

a. The plaintiff's Initial Discovery shall be provided within 30 days after the
defendant has submitted a responsive pleading or motion, unless the court
rules otherwise.

## (2) Documents that Plaintiff must produce to Defendant.

a.  All communications concerning the factual allegations or claims at issue
in this lawsuit between the plaintiff and the defendant.

b.  Claims, lawsuits, administrative charges, and complaints by the plaintiff
that rely upon any of the same factual allegations or claims as those at
issue in this lawsuit.

c.  Documents concerning the formation and termination, if any, of the
employment relationship at issue in this lawsuit, irrespective of the
relevant time period.

d.  Documents concerning the terms and conditions of the employment
relationship at issue in this lawsuit.

e.  Diary, journal, and calendar entries maintained by the plaintiff
concerning the factual allegations or claims at issue in this lawsuit.

f.   The plaintiff's current resume(s).

g.  Documents in the possession of the plaintiff concerning claims for
unemployment benefits, unless production is prohibited by applicable
law.

h.  Documents concerning: (i) communications with potential employers;
(ii) job efforts; and (iii) offer(s) of employment, job description(s), and
income
and benefits of subsequent employment. The defendant shall not contact
or subpoena a prospective or current employer to discover information
about the plaintiff's claims without first providing the plaintiff 30 days
notice and an opportunity to file a motion for a protective order or a

motion to quash such subpoena. If such a motion is filed, contact will not be initiated or the subpoena will not be served until the motion is ruled upon.

   i.   Documents concerning the termination of any subsequent employment.

   j.   Any other document(s) upon which the plaintiff relies to support the plaintiff's    claims.

**(3) Information that Plaintiff must produce to Defendant.**

   a.   Identify persons the plaintiff believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

   b.   Describe the categories of damages the plaintiff claims.

   c.   State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action, whether any application has been granted, and the nature of the award, if any. Identify any document concerning any such application.

## PART 3: PRODUCTION BY DEFENDANT.

**(1) Timing.**

   a.   The defendant's Initial Discovery shall be provided within 30 days after the defendant has submitted a responsive pleading or motion, unless the court rules otherwise.

**(2) Documents that Defendant must produce to Plaintiff.**

   a.   All communications concerning the factual allegations or claims at issue in this lawsuit among or between:
      i.  The plaintiff and the defendant;
     ii.  The plaintiff's manager(s), and/or supervisor(s), and/or the defendant's human resources representative(s).

b.   Responses to claims, lawsuits, administrative charges, and complaints by the plaintiff that rely on the same factual allegations or claims as those at issue in this lawsuit.

c.   Documents concerning the formation and termination, if any, of the employment relationship at issue in this lawsuit, regardless of the relevant time period.

d.   The plaintiff's personnel file, in any form, maintained by the defendant, including files concerning the plaintiff maintained by the plaintiff's supervisor(s), manager(s), or the defendant's human resources representative(s), regardless of the relevant time period.

e.   The plaintiff's performance evaluations and any formal discipline.

f.   Documents relied on to make the employment decision(s) at issue in this lawsuit.

g.   Workplace policies or guidelines relevant to the adverse action in effect at the time of the adverse action. Depending upon the case, those may include policies or guidelines that address:
      i.   discipline;
      ii.   termination of employment;       iii.   promotion;
      iv.   discrimination;
      v.   performance reviews or evaluations;
      vi.   misconduct;
      vii.   retaliation; and
      viii.   nature of the employment relationship.

h.   The table of contents and index of any employee handbook, code of conduct, or policies and procedures manual in effect at the time of the adverse action.

i.   Job description(s) for the position(s) that the plaintiff held.

j.   Documents showing the plaintiff's compensation and benefits. Those normally include retirement plan benefits, fringe benefits, employee benefit summary plan descriptions, and summaries of compensation.

k.  Agreements between the plaintiff and the defendant to waive jury trial rights or to arbitrate disputes.

l.  Documents concerning investigation(s) of any complaint(s) about the plaintiff or made by the plaintiff, if relevant to the plaintiff's factual allegations or claims at issue in this lawsuit and not otherwise privileged.

m. Documents in the possession of the defendant and/or the defendant's agent(s) concerning claims for unemployment benefits unless production is prohibited by applicable law.

n.  Any other document(s) upon which the defendant relies to support the defenses, affirmative defenses, and counterclaims, including any other document(s) describing the reasons for the adverse action.

**(3) Information that Defendant must produce to Plaintiff.**

a.  Identify the plaintiff's supervisor(s) and/or manager(s).

b.  Identify person(s) presently known to the defendant who were involved in making the decision to take the adverse action.

c.  Identify persons the defendant believes to have knowledge of the facts concerning the claims or defenses at issue in this lawsuit, and a brief description of that knowledge.

d.  State whether the plaintiff has applied for disability benefits and/or social security disability benefits after the adverse action. State whether the defendant has provided information to any third party concerning the application(s). Identify any documents concerning any such application or any such information provided to a third party.

**APPENDIX F**

# DISCOVERY PLAN WORKSHEET
### Tier I Pre-Settlement Discovery

Deadline for completion of Rule 26(a) initial disclosures
and HIPAA-complaint records authorizations:                    _____

Completion date for Phase I Discovery
as agreed upon by the parties:                                 _____
*(Reciprocal and agreed upon document production,
generally not including depositions, unless otherwise agreed.
No more than 30 days after Initial Conference)*

Status conference TBD by the court:                            _____
*(Generally 15 days post Tier I Discovery)*

### Tier II Discovery and Motion Practice

Motion to join new parties or amend the pleadings:             _____
*(Presumptively 15 days post status conference)*

First requests for production of documents
and for interrogatories due by:                                _____
*(Presumptively 15 days post joining/amending )*

All fact discovery completed by:                               _____
*(Presumptively 3.5 months post first
requests for documents/interrogatories )*

Exchange of expert reports completed by:                       _____
*(Presumptively 30 days post fact discovery)*

Expert depositions completed by:                               _____
*(Presumptively 30 days post expert reports)*

Final date to take first step in dispositive motion practice:  _____
*(Parties are directed to consult the District Judge's
individual rules regarding such motion practice.
Presumptively 30 days post expert depositions)*

Submission of joint pre-trial order:                           _____

Final Pre-Trial Conference TBD by the court:                   _____